```
               IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF TEXAS
                        FORT WORTH DIVISION

JAMES R. HARRISON, Individually  §
and on behalf of all others      §
similarly situated               §   ACTION NO. 4:09-CV-768-Y
                                 §   (Consolidated with
                                 §       4:10-CV-007-Y and
VS.                              §       4:10-CV-094-Y)
                                 §
XTO ENERGY, INC., ET AL.         §
```

                      ORDER GRANTING IN PART AND
                DENYING IN PART DEFENDANTS' MOTION
              TO STAY OR DISMISS AND GRANTING DEFENDANTS'
         MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION

   Before the Court is the Motion to Dismiss or Stay Proceedings (doc. #41) filed by defendants XTO Energy, Inc. ("XTO"), Bob Simpson, Keith Hutton, Vaughn Vennerberg II, William Adams III, Lane Collins, Phillips Kevil, Jack Randall, Scott Sherman, Herbert Simons, Louis Baldwin, Timothy Petrus, and Gary Simpson ("the Individual XTO Defendants" and, together with XTO, "the XTO Defendants"). Each of the Individual XTO Defendants is an officer or director of XTO. Defendants Exxon Mobil Corporation ("Exxon") and ExxonMobil Investment Corporation (together "ExxonMobil") have, by a separate filing, joined in the XTO Defendants' motion to dismiss or stay. Also before the Court is the Motion to Dismiss (doc. #77) for lack of subject-matter jurisdiction filed by the XTO Defendants.

   After review, the Court concludes that the case originally filed under cause number 4:10-CV-094-Y is not parallel to certain state proceedings also currently pending. The Court further concludes that the complaints originally filed in cause numbers 4:09-

CV-768-Y and 4:10-CV-007-Y contain deficient jurisdictional pleadings. Thus, the motion to dismiss or stay will be denied, and the cases originally filed under cause numbers 4:09-CV-768-Y and 4:10-CV-007-Y will be dismissed.

I.  Background

This action is a consolidation of three separately-filed suits arising out of the proposed stock-for-stock merger of XTO and Exxon. Plaintiff James Harrison filed the first suit ("the Harrison Action") in this Court under cause number 4:09-CV-768-Y on behalf of himself and similarly situated XTO shareholders. Harrison names the XTO Defendants and Exxon as defendants and alleges that, by various acts and omissions, the XTO Defendants breached their fiduciary duty to shareholders. Specifically, Harrison alleges that XTO's officers and directors failed to properly value XTO's stock in the proposed merger and failed to consider other merger opportunities.

The second suit filed in this Court, under cause number 4:10-CV-007-Y, was filed by Walt Schumann ("the Schumann Action"). Just as did Harrison, Schumann alleges that the XTO Defendants breached their fiduciary duty in connection with the proposed merger. Schumann alleges that the price being paid by Exxon to XTO shareholders for their shares of XTO is unfair and that the XTO Defendants have failed to disclose information relevant to the fairness of the price.

Mary Pappas, Jeffrey Fink, Lawrence Treppel, Nicholas Weil,

Charles Kreps, Murray Silver, and United Commercial Workers Union Local 880-Retail Employers Joint Pension Fund ("the Pappas Plaintiffs") filed the third of the consolidated cases ("the Pappas Action") under cause number 4:10-CV-094-Y. The Pappas Plaintiffs allege that the Individual XTO Defendants and Exxon have violated sections 14(a) and 20(a) of the Securities and Exchange Act of 1934. According to the Pappas Plaintiffs, in an effort to gain the approval of XTO shareholders for the proposed merger, the Individual XTO Defendants and Exxon jointly issued a materially false and misleading preliminary registration or "proxy" statement. The proxy statement, the Pappas Plaintiffs insist, undervalues XTO's natural-gas assets and omits certain information, such as XTO's strategic alternatives to the merger, a financial analysis by one of XTO's investment bankers, and other relevant information.

After the Court ordered these cases consolidated, the XTO Defendants filed their motion to stay or dismiss these proceedings under the abstention doctrine announced in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976) and the Court's inherent powers. The XTO Defendants explained that after the proposed merger was announced and prior to any of the consolidated cases' being filed in this Court, a series of lawsuits were filed challenging it in state courts. Nine such cases were filed in Texas state courts and two were filed in Delaware state courts. The nine Texas cases were consolidated in the 342nd Judicial Dis-

trict Court, Tarrant County, Texas. The two Delaware cases were consolidated in the Delaware Court of Chancery. The Texas and Delaware cases allege state-law claims of breach of fiduciary duty against the XTO Defendants.

Prior to the XTO Defendants' motion to dismiss or stay, Harrison had filed a motion for preliminary injunction and for expedited discovery, as had the Pappas Plaintiffs. So that the Court could address whether a stay or dismissal was appropriate before addressing any plaintiff's entitlement to expedited discovery or injunctive relief, the Court ordered expedited briefing of the motion to dismiss or stay. ExxonMobil has joined in the motion to dismiss or stay. The Court now turns to the merits of that motion.

II. Analysis

    A. The Motion to Dismiss or Stay

        1. Abstention under *Colorado River*

Under certain circumstances, a district court may decline to exercise or postpone the exercise of jurisdiction in deference to parallel litigation pending in a state court. *See Colorado River Water Conservation District v. United States*, 424 U.S. 800, 813 (1976); *see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 13-16 (1983). Abstention from exercising jurisdiction is, however, "the exception, not the rule" and is to be done only in "exceptional circumstances where the order to the parties to repair to the State court would clearly serve an important counter-

4

vailing interest." *Colorado River Water Conservation District*, 424 U.S. at 813.  Federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them" and the mere "pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Id.* at 817 (quoting *McClellan v. Carland*, 217 U.S. 268, 282 (1910)).

In assessing a motion to dismiss or abstain under the *Colorado River* abstention doctrine, a court must carefully balance a number of factors, "with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 16.  The factors to be considered include: (1) whether either the federal or state court has assumed jurisdiction over a res; (2) the geographic inconvenience of the federal forum; (3) the avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) the absence of substantial progress in the federal-court litigation; and (6) the presence in the suit of extensive rights governed by state law.  *See id.*  "Only the clearest of justifications," as shown through consideration of these factors, "will warrant dismissal."  *Colorado River Water Conservation District*, 424 U.S. at 819.

    2.  Whether the State Proceedings are "Parallel"
        a.  The Pappas Action

The state action to which a federal court might defer under

*Colorado River* must be truly parallel. *See RepublicBank Dallas, Nat'l Asso. v. McIntosh*, 828 F.2d 1120, 1121 (5th Cir. 1987). That is, the state and federal actions must involve substantially "the same parties and the same issues." *See id.* (observing that parallel cases are those that "involv[e] the same parties and the same issues" and that there may be no need for a "mincing insistence on precise identity of these in every case"); *see also AAR Int'l, Inc. v. Nimelias Enters. S.A.*, 250 F.3d 510, 518 (7th Cir. 2001) (stating that suits are parallel if "substantially the same parties are litigating substantially the same issues simultaneously in two fora"). The Pappas Plaintiffs argue that the Pappas Action does not involve the same issues as the state cases. They point out that at issue in the state cases are state-law claims for breach of fiduciary duty. The Pappas Action, on the other hand, alleges that the proxy statement issued regarding the proposed merger violates sections 14(a) and 20(a) of the Securities Exchange Act and the rules promulgated thereunder, over which federal district courts have exclusive original jurisdiction. *See* 15 U.S.C. § 78aa.

Three courts of appeals have held that because abstention under *Colorado River* applies only to instances of concurrent jurisdiction between a federal court and a state court, a "district court has no discretion to stay proceedings as to claims within exclusive federal jurisdiction." *Silberkleit v. Kantrowitz*, 713 F.2d 433, 433 (9th Cir. 1983) (citing *Turf Paradise, Inc. v. Arizona Downs*, 670 F.2d

6

813 (9th Cir. 1982)); *Medema v. Medema Builders, Inc.*, 854 F.2d 210, 213 (7th Cir. 1988); *Andrea Theatres, Inc. v. Theatre Confections, Inc.*, 787 F.2d 59, 62 (2d Cir. 1986); *see also University of Md. v. Peat Marwick Main & Co.*, 923 F.2d 265, 276 n.16 (3d Cir. 1991) ("Although we have not resolved the question as to whether Commonwealth Court jurisdiction over the policyholders' claims exists, we observe that there can be no possible basis for abstaining if the state court to which the federal court defers lacks jurisdiction over the claim."). Although in a different context, the United States Court of Appeals for the Fifth Circuit has held that abstention was not appropriate in a case involving claims under exclusive federal jurisdiction. *See Evans v. Dale*, 896 F.2d 975, 978-79 (5th Cir. 1990) (concluding that abstention under *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943) was not proper where case involved claims under exclusive federal jurisdiction). Additionally, one district court faced with almost identical circumstances as are before this Court-- a request to abstain from a federal suit alleging violations of the Securities Exchange Act in favor of a pending state case--denied the request to abstain under *Colorado River*. *In re Comverse Tech., Inc.*, 06-CV-1849 (NGG) (RER), 2006 U.S. Dist. LEXIS 80195, at *7-*9 (E.D.N.Y. Nov. 3, 2006). That court explained that courts "routinely" deny a request to abstain from a case involving claims within exclusive federal jurisdiction. *See id.* at *7 (collecting cases).

7

The Individual XTO Defendants and ExxonMobil insist that the claims for breach of fiduciary duty, which will be governed by Delaware law,[1] are substantively the same as the claims for violation of the Securities Exchange Act brought in the Pappas Action and that the injunctive relief sought by the Pappas Plaintiffs is available under both federal and state law. That is, according to the defendants, the Pappas Action is based on the same allegations as the various state suits but merely "repackages them as federal securities claims." (Mot. Br. at 8.)

The Supreme Court of Delaware, however, has stated "that the federal scheme of disclosure is not replicated in Delaware law." *Loudon v. Archer-Daniels-Midland Co.*, 700 A.2d 135, 141 n.18 (Del. 1997). And the similarities in Delaware law and the Securities Exchange Act highlighted by the defendants aside, "[t]he critical determination is whether the non-federal litigation will dispose of all claims raised in the federal court action." *Kingsway Fin. Servs. v. Pricewaterhouse-Coopers, LLP*, 420 F. Supp. 2d 228, 235 (S.D.N.Y. 2005) (citing 17A Linda S. Mullenix, Moore's Federal Practice, § 122.06[1] (3d ed. 2009)). Because claims under the Securities Exchange Act cannot be litigated anywhere but a federal court, there is no way that either a Texas or Delaware state court can dispose of all of the claims in the Pappas Action. Nor can it

---

[1] *See ASARCO LLC v. Ams. Mining Corp.*, 382 B.R. 49, 69 (Bankr. S.D. Tex. 2007) ("Federal courts sitting in Texas must apply the law of the state of incorporation when a corporation's internal affairs are implicated.") (collecting authorities).

be said that the state actions and this suit are parallel merely because their resolution might depend on the same facts. *Cf. Scottsdale Ins. Co. v. Detco Indus.*, 426 F.3d 994, 997 (8th Cir. 2005) (noting that although resolution of the issues before a state and federal court may depend on the same facts "that circumstance does not compel a conclusion that the suits are parallel").

The Individual XTO Defendants and ExxonMobil next argue that even if federal courts generally do not abstain in cases involving claims within their exclusive jurisdiction, federal courts will do so when the invocation of federal jurisdiction is vexatious and only for recisionary relief. In support, the defendants cite *Calvert Fire Insurance Co. v. American Mutual Reinsurance Co.*, in which the United States Court of Appeals for the Seventh Circuit concluded that "[p]reventing a vexatious suit is similar to the interest in avoiding piecemeal litigation mentioned in *Colorado River*, and would clearly justify federal deferral to a parallel state proceeding." *Calvert Fire Ins. Co. v. American Mut. Reinsurance Co.*, 600 F.2d 1228, 1235 (7th Cir. 1979). But even the rationale of *Calvert Fire* is limited to instances in which both the federal and state court have jurisdiction. *See id.* at 1234. Although *Calvert Fire* involved the Securities Exchange Act of 1934, the Act was raised defensively and the Seventh Circuit had held that section 27 of the Act allows concurrent jurisdiction in the state courts over defenses to state causes of action based on the Act. *See id.* (citing *Aetna State Bank*

*v. Altheimer*, 430 F.2d 750, 754 (7th Cir. 1970) and *Shareholders Management Co. v. Gregory*, 449 F.2d 326 (9th Cir. 1971)). The defendants have not shown how this case involves concurrent jurisdiction and, therefore, have not shown how the standards announced in *Calvert Fire* are applicable.

Moreover, even if *Calvert Fire* could be applied to this case, abstention is only warranted when the invocation of federal jurisdiction is vexatious or for the purpose of delaying the parallel state proceeding. The defendants insist that the Pappas Plaintiffs filed this suit only after their counsel was not appointed as class counsel in one of the Texas suits. After being denied appointment, counsel for the Pappas Plaintiffs apparently filed nonsuits on their behalf and then filed this suit under the Securities Exchange Act. The Pappas Plaintiffs explain that the decision to nonsuit their state case was not intended to be vexatious, but was instead a response to a ruling by the state court appointing lead counsel with which they had a reasonable disagreement. Further, the proxy statement, which forms the basis of this suit, was not issued until after the Pappas Plaintiffs nonsuited their Texas case. Once the statement was issued, they filed this suit. The defendants thus have not shown that this suit is vexatious or for delay.

In light of the foregoing, the Court concludes that the state actions are not parallel to the Pappas Action.

### b. The Schumann and Harrison Actions

The Schumann and Pappas Actions were ordered consolidated with the Harrison Action, with the Harrison Action as the lead case, on February 25, 2010. The Individual XTO Defendants and ExxonMobil filed their motion to stay or dismiss on March 1, 2010. Thus, the motion applies to the consolidated case. Indeed, in the order for expedited briefing of the motion, the Court called for Defendants generally to respond to the motion, not just the defendants originally named in 4:09-CV-768-Y. Schumann, however, has not filed a response.

Harrison has filed a response brief. In it, he appears to concede that this and the state cases are parallel, instead focusing his arguments on the *Colorado River* factors. Having reviewed those arguments, it appears that the Harrison and Schumann actions are, in fact, parallel, and that abstention as to the Schumann and Harrison Actions in favor of the state cases would be appropriate. The state actions, which involve substantially the same parties and the same claims based on Delaware law, were filed prior to the Schumann and Harrison Actions, have progressed farther than the litigation in this Court, and requiring Schumann and Harrison to pursue relief as part of one of the state cases would allow a state court to adjudicate Schumann and Harrison's purely state-law claims while avoiding piecemeal litigation.

The Court will not, however, rule on the abstention-based

motion to dismiss or stay as to the Schumann or Harrison Actions. This is because in their motion to stay the Individual XTO Defendants and ExxonMobil have called the Court's jurisdiction over these claims into serious question.  ExxonMobil has filed a separate motion to dismiss, to which the Court now turns.

    B.    The Motion to Dismiss for Lack of Subject-Matter Jurisdiction

In both the briefing of the motion to dismiss or stay and the their motion to dismiss for lack of subject-matter jurisdiction, the defendants note that neither the Schumann nor Harrison Action has invoked the Class Action Fairness Act, 28 U.S.C. § 1332(d).  Instead, both Schumann and Harrison rely on diversity jurisdiction under 28 U.S.C. § 1332(a).  As parties invoking federal jurisdiction, the burden is on Schumann and Harrison to allege facts in support of that jurisdiction.  *See Garcia v. Koch Oil Co. of Texas Inc.*, 351 F.3d 636, 638 (5th Cir. 2003).  But Harrison does not allege his own citizenship in his complaint and neither Harrison nor Schumann's complaint alleges the principal place of business of ExxonMobil Investment Corporation.  A plaintiff is required to allege "distinctly and affirmatively" the state of incorporation and the principal place of business of a defendant corporation.  28 U.S.C. § 1332(c) (defining corporate citizenship); *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988); *see Joiner v. Diamond M Drilling Co.*, 677 F.2d 1035, 1039 (5th Cir.

1982)(requiring corporate citizenship to be alleged "with specificity"). The "[f]ailure adequately to allege the basis for diversity jurisdiction mandates dismissal." *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991).

And neither the Harrison nor the Schumann complaint adequately alleges that the jurisdictional amount in controversy has been exceeded. Both complaints allege only that "the amount in controversy exceeds $75,000." The United States Court of Appeals for the Fifth Circuit has explained:

> [W]here, as here, the [complaint] does not include a specific monetary demand, [the party invoking federal jurisdiction] must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. This requirement is met if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount.

*Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *see also St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253-54 (5th Cir. 1998). The focus of Schumann and Harrison's claims is injunctive and declaratory relief. Thus, the amount in controversy is determined by "[t]he value to the plaintiff of the right to be enforced or protected." *Alfonso v. Hillsborough County Aviation Auth.*, 308 F.2d 724, 727 (5th Cir. 1962)(emphasis added); *see also Vraney v. County of Pinellas*, 250 F.2d 617, 618 (5th Cir. 1958)(per curiam). Both Schumann and Harrison filed their respective suit as an XTO shareholder. But neither alleged that they own

13

a sufficient number of shares to personally lose in excess of $75,000 as a result of the alleged undervaluing of XTO shares in the proposed merger agreement. Nor has Schumann or Harrison otherwise shown that the amount in controversy exceeds $75,000. In fact, neither Schumann nor Harrison has filed a response brief to the motion to dismiss to explain any of the deficiencies in their respective pleadings. Given these circumstances, the Court concludes that neither Schumann nor Harrison has properly invoked the Court's jurisdiction.

III. Conclusion

The Court concludes that the Pappas Action is not parallel to the state suits and, therefore, the Court DENIES the defendants' motion to dismiss or stay with regard to the Pappas Action. The Court further concludes that both Schumann and Harrison have failed to establish this Court's subject-matter jurisdiction over their claims. Hence, the defendants' motion to dismiss is GRANTED. And because the Harrison Action is being dismissed, other pending motions filed by Harrison (docs. #24, 27, 44, and 126) are DENIED as MOOT.

SIGNED April 8, 2010.

_Terry R. Means_
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE